UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-vs-

CRYMSON ALDRICH,

                  Defendant.

DECISION and ORDER

20-CR-6169 CJS/MWP

_____

      This case was referred by text order of the undersigned entered on December 8, 2020, to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 235. Defendant, representing herself, filed several pretrial motions, including motions for discovery and inspection, ECF Nos. 220, 221, 239, and various motions to dismiss the indictment based upon, among other grounds, allegations of lack of jurisdiction, improper venue, invalid charging statutes, and unlawful investigation (ECF Nos. 239, 244, 245, and 246). On June 3, 2021, Magistrate Judge Payson filed a combined Decision and Order ("D&O") and Report and Recommendation ("R&R"), ECF No. 252. In her D&O, Magistrate Judge Payson granted in part and denied in part Defendant's motions for discovery, ECF Nos. 220, 221, and 239, and in her R&R, Magistrate Judge Payson recommended that Defendant's motions to dismiss the indictment, ECF Nos. 239, 244, 245, and 246, be denied. On June 18, 2021, Defendant timely filed objections to the D&O and R&R (ECF No. 254).

      With respect to the D&O, pursuant to 28 U.S.C. § 636(b)(1)(A), this Court must determine whether the D&O was clearly erroneous or contrary to law. An order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Chen v. Bd. Of Immigration Appeals*, 435 F.3d 141, 145–46 (2d Cir. 2006) (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982)). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Collens v. City of New York*,

222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotations omitted). Upon consideration of the D&O and after considering Defendant's objections, the Court finds that Magistrate Judge Payson's rulings were neither clearly erroneous or contrary to law.

With respect to the R&R, pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. The Court has now conducted such *de novo* review of the R&R taking into consideration Defendant's objections. Upon *de novo review,* the Court accepts the recommendations of Magistrate Judge Payson.

Accordingly, for the reasons set forth in Magistrate Judge Payson's D&O, ECF No. 252, the Court finds that Magistrate Judge Payson's decision to grant in part and deny in part Defendant's motion for discovery, ECF Nos. 220, 221, and 239, as detailed in her D&O, is neither clearly erroneous or contrary to law. Additionally, upon *de novo* review, the Court accepts the recommendations in Magistrate Judge Payson's R&R, ECF No. 252, and denies Defendant's motions to dismiss the indictment, ECF Nos. 239, 244, 245, and 246.

IT IS SO ORDERED.

Dated:      Rochester, New York
            August 30, 2021                              ENTER:

                                                         /s/ Charles J. Siragusa
                                                         CHARLES J. SIRAGUSA
                                                         United States District Judge